UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| MILES ORLANDO LEE<br>    FED. REG. NO. 11199-040 | CIVIL ACTION NO. 07-1873 |
| VS. | SECTION P<br>JUDGE DRELL |
| WARDEN KEFFER | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. §2241 on November 6, 2007 by *pro se* petitioner Miles Orlando Lee. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP); he is incarcerated at the United States Penitentiary, Pollock, Louisiana (USPP) where he is serving a 63-month sentence imposed on March 10, 2003 following his Bank Robbery(18 U.S.C. §2113(a)) conviction in the United States District Court for the Western District of Michigan. See <u>U.S.A. v. Miles Orlando Lee</u>, No. 1:02-cr-00234. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE.**

### Statement of the Case

In December 2002, petitioner pled guilty to bank robbery in the United States District Court for the Western District of Michigan. On March 10, 2003 he was sentenced to serve 63-months.

See <u>U.S.A. v. Miles Orlando Lee</u>, No. 1:02-cr-00234.

He did not appeal. On March 9, 2004 he filed a *pro se* Motion to Vacate pursuant to 28 U.S.C. §2255. He argued two grounds for relief: (1) involuntary plea; and (2) ineffective assistance of counsel. In support of both claims petitioner argued that his attorney induced him to plead guilty by promising that his federal sentence would be served concurrently with a state sentence. On April 5, 2004 petitioner requested and was granted voluntary dismissal of his Motion. See <u>Lee v. U.S.A.</u>, No. 1:04-cv-00153. On April 24, 2006 he filed another *pro se* §2255 motion which was dismissed as time-barred on July 19, 2006. <u>Lee v. U.S.A.</u>, No. 5:06-cv-00086. [See also 2006 WL 2039976]

On June 22, 2007 petitioner filed a *pro se habeas corpus* petition (28 U.S.C. §2241) in the United States District Court for the Middle District of Pennsylvania. He claimed: (1) that he was wrongfully transferred to the high security federal prison, the United States Penitentiary, Lewisburg, Pennsylvania (USPL) in retaliation for having filed a number of grievances and for having filed suit against the warden of the institution where he was previously incarcerated; (2) that he was denied placement in the 500-hour residential drug treatment program recommended by the sentencing judge; and (3) that he was in need of immediate psychological attention as a result of threats from staff and inmates. These claims were construed as "conditions of

confinement claims" arising under <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) and as such not within the scope of *habeas corpus*. His claim concerning placement in the residential drug treatment program, to the extent that it was a *habeas* claim, was dismissed due to petitioner's failure to exhaust administrative remedies available through the BOP.[1] His petition was dismissed on September 28, 2007. [See <u>Miles Orlando Lee v. Troy Williamson, Warden</u>, No. 4:07-cv-01117, U.S. District Court, M.D.Pa. at docs. 8 and 13; see also Slip Copy 2007 WL 2903238.]

On November 6, 2007 petitioner filed the instant petition for *habeas corpus* arguing the following claims: (1) unlawful sentence which exceeds the sentence agreed to in the plea agreement; (2) sentencing judge had authority to run his federal sentence partially concurrent with a State sentence but did not; (3) petitioner was entitled to credit for time served commencing September 10, 2003; and, (4) petitioner has been denied the opportunity to participate in the 500 hour residential drug abuse program.[2]

---

[1] The respondent also argued that petitioner was not entitled to relief since his conviction of a "crime of violence" rendered him ineligible to participate under 18 U.S.C. §3621(e)(2). See doc. 8, footnote 2. The court did not address this defense on the merits, however.

[2] Petitioner's "supporting facts" are difficult to decipher. In support of Ground One he alleged, "My guilty plea agreement was to 63 [months] assistance without the 2 years good credit. I am doing more than my maximum guidelines on my offense." [doc. 1, p. 5] In support of Ground Two he claimed, "My sentencing judge had to take into account all other sentences before

3

## Law and Analysis

Petitioner implies that he is entitled to *habeas corpus* relief under two separate and distinct theories. In Grounds One and Two, petitioner argues that he is entitled to relief because of errors committed by the sentencing judge; in Grounds Three and Four he implies that the BOP has either miscalculated his sentence or erroneously determined that he is ineligible to participate in the BOP's 500 hour drug abuse treatment program.

### 1. The "Savings Clause"

*Habeas corpus* petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the <u>manner</u> in which a sentence is executed. See <u>Warren v. Miles</u>, 230 F.3d 688, 694 (5th Cir.2000). On the other hand, a Motion to Vacate Sentence filed pursuant to 28 U.S.C. §2255 allows federal inmates to collaterally attack the <u>legality of their convictions or sentences</u>. See <u>Cox v. Warden, Fed. Det. Ctr.</u>, 911 F.2d 1111, 1113 (5th Cir.1990). With respect to Grounds One and Two, petitioner attacks the legality of the sentence imposed by the trial judge by claiming that the sentence

---

sentencing me to 63 months consecutively to a undetermined, unfinished sentence with the Michigan Department of Corrections which was directly related to the instant offense." [*Id.*] In support of Ground Three he stated, "The Michigan Department of Corrections gave me a 12 month parole violation sentence for this offense. This is what my 63 months should have been consecutive to. The other 2 years that came after I was sentenced I should have been give credit for by the Federal Bureau of Prisons instead of them commencing my sentence in 2005." [*Id.*] In support of the final ground for relief he claimed, "I should have been waived from a United States Penitentiary to a Federal Correctional Institute to get in this program that grants 1 year of good credit because (1) It was mandated by my judge, (2) I am within 36 months of my out date, and (3) Due to no gun involved in my case I can receive this good credit. It's been done before." [*Id.*]

imposed is an "...unlawful sentence which exceeds the sentence agreed to in the plea agreement..." and by claiming that the sentencing judge erred when he failed to order his federal sentence to run concurrently with the sentence imposed by the State court.

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences <u>but only</u> if they satisfy the § 2255 "savings clause." See <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. <u>Reyes-Requena</u>, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. <u>Jeffers v. Chandler</u>, 253 F.3d 827, 830 (5th Cir.2001); <u>Pack v. Yusuff</u>, 218 F.3d 448, 452 (5th Cir.2000). The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive

requirement, does not make §2255 inadequate or ineffective. Jeffers, 253 F.3d at 830; Toliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense. Nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or first Motion to Vacate. Therefore, Grounds One and Two of the instant petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction.

## 2. *The Manner in Which the Sentence is Being Executed*

In Grounds Three and Four petitioner attacks the manner in which his sentence is being executed. He argues that the BOP failed to credit him for time served in custody and, he again argues that the BOP has improperly determined that he is ineligible to participate in their drug treatment program.

### a. *Ground Three – Concurrent or Consecutive Sentences*

In Ground Three petitioner implies that his federal sentence should be calculated to run partially concurrent with a two year sentence imposed by a Michigan State court. Petitioner seems to be arguing that the judgment's silence on this issue means that the BOP should treat his federal sentence as running concurrently

with his state sentence.³ In fact, however, the law holds that the opposite is true. "Well-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively unless the district court specifically orders that they run concurrently." <u>Free v. Miles</u>, 333 F.3d 550, 553 (5th Cir.2003); 18 U.S.C. § 3584(a). The BOP's Program Statement 5880.28, which addresses this issue, is consistent with this legal authority. Since petitioner's judgment is silent, his federal sentence must run consecutively to his state sentence. He has not shown any error by the BOP and thus Ground Three is subject to dismissal for failing to state a claim for which relief might be granted.

### b. *Ground Four – Eligibility for Drug Abuse Treatment*

In Ground Four, petitioner argues substantially the same claim that he raised in the §2241 *habeas* petition he filed in the United States District Court for the Middle District of Pennsylvania. That court dismissed petitioner's *habeas* claims because petitioner failed to exhaust administrative remedies available through the BOP. It appears that petitioner has yet to exhaust administrative remedies with respect to this claim, nevertheless, dismissal on the merits is recommended because it is manifestly clear that petitioner is not entitled to relief.

---

³ Indeed, that must be the case, since, as shown above, petitioner has also alleged that the federal court erred when it failed to provide for concurrent sentencing. [See Grounds One and Two, *supra*.]

7

Petitioner was convicted of a "crime of violence" and thus is ineligible for sentence reduction even if he were allowed to participate in the drug treatment program at issue.[4] See 18 U.S.C. §3621(e)(2) which permits early release for "... a prisoner convicted of a <u>nonviolent offense</u>..."

Petitioner was convicted of violating 18 U.S.C. 2113(a). In <u>Royal v. Tombone</u>, 141 F.3d 596 (5th Cir. 1998), the Fifth Circuit outlined the history of BOP Program Statement 5162.02 and Change Notice CN-01 as those regulations relate to the issues raised herein. According to the Fifth Circuit, on July 24, 1995 the BOP issued Program Statement 5162.02 in order to implement provisions such as § 3621(e) that make reference to "nonviolent offense" and "crime of violence." This directive noted that 18 U.S.C. § 2113(a)- namely, bank robbery - proscribed and criminalized conduct that "may or may not have involved the use, attempted use, or threat of force, or presented the substantial risk that force might be used." The regulation instructed BOP officials to determine whether a particular offense was "non-violent" by

---

[4] As noted by the United States Court in Pennsylvania, this claim is a valid *habeas corpus* claim only insofar as it seeks an speedier release from custody. Otherwise, the claim merely contests conditions of confinement and thus is more appropriately raised as a *Bivens* claim. Or, as the United States Magistrate Judge noted, "To the extent that the petitioner's claim with regard to being denied placement in the 500 hour drug program is simply that he has been denied rehabilitation for his drug problem, that claim is also a conditions- of-confinement claim which is not cognizable as a *habeas corpus* claim. However, to the extent that the petitioner is claiming that the denial of placement in the 500-hour drug program deprived him of eligibility for a sentence reduction for the successful completion of a substance abuse treatment program pursuant to 18 U.S.C. § 3621(e)(2), that claim is cognizable as a *habeas corpus* claim." <u>Lee</u>, 2007 WL 2903238 at *4.

looking to the "Specific Offense Characteristics" section of the prisoner's pre-sentence report.

This apparently proved unworkable and therefore on April 23, 1996, the BOP issued Change Notice CN-01, the stated purpose of which was to "clarify" the definition of "crimes of violence" used in Program Statement 5162.02. The Change Notice explicitly reversed the Program Statement with respect to the eligibility of bank robbers, armed or otherwise, and specified:

> With regard to the specific crime of bank robbery, the offense should be considered a crime of violence pursuant to [18 U.S.C.] section 924(c)(3) since, due to the circumstances surrounding bank robberies, the offense involves an explicit or implicit threat of force and thus has as an element the 'threatened use of physical force against the person or property of another.'

The Fifth Circuit then concluded that Program Statement 5162.02 as modified by Change Notice CN-01 constituted a permissible interpretation of §924(c)(3) which otherwise defines crimes of violence. Royal v. Tombone, 141 F.3d at 601.

To then paraphrase the court, "Thus, according to § 924(c)(3)'s definition, which was referenced by the BOP's own published regulation, 28 C.F.R. § 550.58, [petitioner] is currently incarcerated for a 'crime of violence' and therefore is, and has always been, ineligible for a sentence reduction pursuant to § 3621(e)." Royal v. Tombone, 141 F.3d at 602.

Petitioner implies that his eligibility is supported by the original Program Statement, but his argument fails to take into

9

account the subsequent Change Notice. Even if, as he claims, he employed neither force nor violence, his conviction for bank robbery disqualifies him from obtaining an early release based upon his participation in the substance abuse program. Thus, his final ground for relief fails to state a claim for which relief might be granted and dismissal on that basis is recommended.

In the alternative, petitioner's final claim is also subject to dismissal because petitioner failed to exhaust available administrative remedies. As noted above, this same claim was dismissed by the United States Court in Pennsylvania because the respondent established that petitioner failed to exhaust administrative remedies available through the BOP. Therein it was noted,

> Although there is no statutory exhaustion requirement applicable to habeas petitions brought pursuant to 28 U.S.C. § 2241, the courts have created a rule that prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of *habeas corpus* pursuant to § 2241. Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir.1996). The basic rationale for the exhaustion requirement is that judicial review may be facilitated by the agency's development of a factual record, that judicial time may be conserved if the agency grants the relief sought, and that administrative autonomy requires that an agency be given an opportunity to correct its own errors. Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir.1981).
>
> Except for claims for which other administrative procedures have been established, federal inmates may seek 'formal review of an issue which relates to any aspect of his/her own confinement.' 28 C.F.R. §542.10(a). Generally, an inmate must first address his complaint to the institution staff member designated to

>receive such complaints within twenty days of the date on which the basis for the complaint occurred. 28 C.F.R. § 542.14(a) & (c)(4). The Warden will respond and an inmate who is not satisfied with the Warden's response may appeal to the Regional Director within twenty days of the date of the Warden's response. 28 C.F.R. § 542.15(a). Finally, an inmate who is not satisfied with the Regional Director's response may appeal to the General Counsel within thirty days of the date of the Regional Director's response. 28 C.F.R. § 542.15(a). 'Appeal to the General Counsel is the final administrative appeal.' Id.
>
>The respondent has presented evidence that the petitioner has not exhausted his administrative remedies, and the petitioner has not presented evidence that he did in fact exhaust administrative remedies. Accordingly, we will recommend that the petitioner's claim regarding being denied placement in the 500-hour drug program be dismissed.

Lee, supra at *4-5.

Of course, the defense of exhaustion, while raised in the Middle District of Pennsylvania, has not been raised herein since the instant petition has yet to be served and remains on initial review. Nevertheless, there is nothing of record herein which indicates that petitioner exhausted either of his computation of sentence claims, and, it is highly unlikely that he fully exhausted the three steps of the BOP's administrative remedy protocol between September 28, 2007, the date his previous habeas petition was denied (see Miles Orlando Lee v. Troy Williamson, Warden, No. 4:07-cv-01117, U.S. District Court, M.D.Pa. at docs. 8 and 13; see also Slip Copy 2007 WL 2903238) and November 6, 2007, the date he filed the instant petition.

This court may raise the failure to exhaust sua sponte,

11

however, it "should not do so lightly." <u>Prieto v. Quarterman</u>, 456 F.3d 511, 518 (5th Cir.2006) (quoting <u>United States v. Willis</u>, 273 F.3d 592, 597 (5th Cir.2001)). Here, petitioner seeks to litigate claims virtually identical to claims that were only recently dismissed for petitioner's failure to exhaust administrative remedies. Therefore *sua sponte* dismissal under these circumstances is also appropriate.

### 3. *Conclusion and Recommendation*

Petitioner has not demonstrated that his sentencing error claims are based upon a change in the law resulting from a retroactively applicable Supreme Court decision rendering his conduct noncriminal. Thus, he has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the Savings Clause. Claims One and Two should therefore be dismissed with prejudice for lack of jurisdiction. <u>Tran v. Conner</u>, 275 F.3d 1081 (5th Cir. 2001).

His remaining claims, while properly before the court as habeas claims, fail to state a claim for which relief may be granted and thus should be dismissed with prejudice on that basis.

Accordingly,

**IT IS RECOMMENDED THAT** Grounds One and Two of the Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE** because the Court lacks jurisdiction to consider these claims;

**IT IS FURTHER RECOMMENDED THAT** Grounds Three and Four of the Petition for Writ of Habeas Corpus be **DENIED** and **DISMISSED WITH PREJUDICE** because petitioner has failed to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this 27th day of December, 20 07.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE